# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

TAMMY KIBLER, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

THE KROGER COMPANY, an Ohio corporation;
DILLON COMPANIES, LLC d/b/a KING SOOPERS/CITY MARKET, a Kansas limited liability company,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Tammy Kibler ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, Lewis Kuhn Swan PC, complains as follows:

## <u>NATURE OF THE ACTION</u>

1.    This action is brought on behalf of all store supervisors holding comparable positions with different titles (collectively "Supervisors")[1] employed by the Kroger Company ("Kroger") within the United States during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

---

[1] On understanding and belief, Supervisors generally report to assistant store managers who, in turn, report to store managers. Plaintiff's proposed definition of "Supervisors" expressly excludes assistant store managers and store managers except to the extent Kroger also employed such individuals as Supervisors during the last three (3) years plus any period of tolling. As detailed *infra*, Supervisors are non-exempt under applicable law.

2.    This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair

Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Kroger violated the FLSA, 29 U.S.C.

§§ 201 *et seq.*, by failing to pay Supervisors overtime compensation at applicable rates as required

by law.

3.    This case is also brought as a class action under Fed. R. Civ. P. 23 and the Colorado

Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 Colo. C. Reg. § 1103-1.

Plaintiff alleges that Kroger violated the COMPS Order by failing to pay Supervisors overtime

compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331

because Plaintiff alleges a claim under the FLSA.

5.    This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant

to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case

or controversy.

6.    Kroger and the Dillon Companies, LLC ("Dillon") (collectively "Defendants") are

subject to personal jurisdiction in Colorado because they have personally availed themselves of

the privilege of conducting substantial business in Colorado and certain of the acts and omissions

alleged herein arise out of Defendants' activities in Colorado.

7.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

8.    Plaintiff is, and was at all times relevant to this action, an adult individual who is

domiciled and resides in Fountain, Colorado.

9.      Describing itself as "America's grocer," Kroger is a corporation incorporated under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. With nearly 3,000 locations and annual revenue comfortably into the twelve figures, Kroger is the nation's largest supermarket chain.

10.     Within Colorado, Kroger wholly owns and operates over 100 King Soopers and City Market grocery stores. These King Soopers and City Market grocery stores operate under the auspices of Dillon.

11.     Dillon is a wholly owned subsidiary of Kroger. Kroger controls Dillon's pay practices and is therefore liable for the illegal pay practices at Dillon locations.

12.      Plaintiff is currently employed as a Supervisor by Kroger at one of its King Soopers locations in Colorado; within the last three (3) years, Plaintiff was employed as a Supervisor at another of Kroger's King Soopers locations, also in Colorado.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to prosecute her FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Kroger as Supervisors in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a workweek ("Collective").

14.     Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the

members of the Collective.

15.     The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff sues on her own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order.

17.     Plaintiff brings her Colorado state law claim on behalf of all employees who were employed by Defendants in Colorado at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Supervisor (or similar title as defined *supra*) and who were not paid overtime compensation for all hours worked, or at an appropriate rate of pay for all hours worked, in excess of forty (40) in a workweek or twelve (12) in a workday ("Overtime Class").

18.     The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the Overtime Class.

19.     Plaintiff's claims are typical of the claims of the members of the Overtime Class. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiff and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same

wrongful conduct in which Defendants engaged in violation of the COMPS Order.

20.     The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against highly-capitalized corporate defendants like Kroger. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct.

21.     Defendants have acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

22.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

23.     Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

24.     There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

    a.  Whether Defendants employed the members of the Overtime Class within the

meaning of the COMPS Order;

b.   Whether Defendants' policies and practices described within this Complaint are illegal;

c.   Whether Defendants paid the members of the Overtime Class for all hours they worked;

d.   Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their work beyond forty (40) hours in a workweek and/or twelve (12) hours in a workday;

e.   What proof of hours worked is sufficient where, as here, Defendants fail in their duty to keep and maintain accurate time records; and

f.   Whether Defendants are liable for all damages claimed hereunder.

## STATEMENT OF FACTS

25.   Kroger is a for-profit grocery retailer with locations throughout the United States. Kroger operates through a number of subsidiaries, including, among others, Dillon. These subsidiaries are typically organized geographically. Kroger, however, ultimately employs all Supervisors and establishes their pay practices.

26.   Each Kroger location is staffed primarily by associates who, among other things, stock merchandise, assist with customer questions, and total customer purchases. These associates are organized based on their primary job duties and locations within a particular supermarket. For example, certain associates are organized in the produce department, others in the deli department, and others in the liquor department.

27.   Some years ago (before the COVID-19 pandemic), Kroger started a grocery pick-

up program enabling customers to use a computer or mobile app to order and pay for groceries. After a customer places an order, Kroger employees gather and bag the ordered items; the customer then drives to the local Kroger store during a delivery window, and a Kroger employee places the ordered items in the customer's vehicle. Even before COVID-19, Kroger's pickup program was becoming a burgeoning part of its grocery business. The rise of COVID-19 caused the program to explode in popularity as grocery consumers sought to minimize exposure to other shoppers.

28.     On information and belief, a majority of Kroger locations now offer pick-up services. All such locations have their own pick-up Supervisor.

29.     Depending on applicable state law and municipal code, many Kroger locations sell liquor in-house with a designated liquor Supervisor.

30.     Certain Supervisors at certain locations are compensated on an hourly basis, are paid biweekly, and are entitled to overtime compensation if they work over forty (40) hours in a workweek. Other Supervisors, however, including Plaintiff, are compensated on a salary basis, are paid monthly, and do not receive overtime compensation when they work over forty (40) hours in workweek.

31.     Whether compensated on an hourly basis (and paid overtime compensation) or paid on a salary basis (and not paid overtime compensation), all such Supervisors have the same essential job duties. Pick-up Supervisors and liquor Supervisors tend to be compensated on a salary basis and do not receive overtime compensation.

32.     Plaintiff was employed by Defendants as a pick-up Supervisor at the King Soopers location at 7284 Lagae Road, Castle Pines, Colorado from in or around May 2020 to in or around September 2020. In or around September 2020, Plaintiff accepted a lateral transfer to a pick-up

Supervisor position at the King Soopers location at 5544 Promenade Parkway, Castle Rock, Colorado. Plaintiff continues to work as a pick-up Supervisor at the location on Promenade Parkway in Castle Rock.

33.     Supervisors do not have the authority to hire or fire employees. They also do not have authority to exercise discretion or independent judgment as to matters of significance and are not involved in the management of Kroger.

34.     To the contrary, and despite their title, Supervisors' essential job duties tend to be substantively identical to those of the associates with whom they work. For example, Plaintiff often gathers the items ordered by pick-up customers and delivers these orders to the customers' vehicles in the parking lot.

35.     Defendants improperly classify Plaintiff and many other Supervisors as exempt from the overtime requirements of the FLSA.

36.     Supervisors virtually always work more than forty (40) hours per workweek and routinely work more than fifty-five (55) hours per workweek. For example, Plaintiff worked over fifty-five (55) hours in each of the workweeks beginning on June 7, 2020; June 14, 2020; and June 21, 2020. Defendants, however, failed to pay Plaintiff for all of this time, including required overtime premiums, in violation of the FLSA.

37.     In addition to her duties at the store where she works, Plaintiff is required to answer calls from associates even while she is not physically present at the store. She frequently must answer calls from associates late into the evening and early in the morning. Kroger neither tracks nor compensates Plaintiff for this time.

38.     Defendants have failed to pay Supervisors, including Plaintiff, for all their hours

worked and/or to properly calculate Supervisors' proper rates of overtime pay.

39.     Defendants have in place inadequate timekeeping methods for tracking and recording the time Supervisors spend working. Defendants do not even instruct Supervisors to maintain or submit timecards.

40.     Defendants have a uniform policy and practice to not pay Supervisors for all hours worked in excess of forty (40) per workweek.

41.     Defendants' violations of the FLSA are not in good faith. Defendants are well aware of their legal obligation to pay overtime compensation because, among other things, Defendants have been sued for not paying overtime in the past, and Defendants have closed certain locations in order to avoid paying employees the sums to which they are legally entitled.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**
*AGAINST ALL DEFENDANTS*

42.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

43.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

44.     At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

45.     At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

46.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

47.     At all relevant times, Defendants had a uniform policy and practice to not pay

Supervisors for all hours worked and/or to not pay overtime compensation for all overtime hours worked at legally mandated rates.

48.     As a result of Defendants' failure to properly compensate their employees, including Plaintiff and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

49.     As employers within the meaning of the FLSA, Defendants have a duty to create and maintain records of employee hours. Defendants failed to do so.

50.     Based on the factual allegations made *supra* and the evidence underlying those allegations, a reasonable inference may be drawn that Plaintiff and the members of the Collective routinely worked, and continue to work, more than forty (40) hours per workweek.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### COMPS ORDER – CLASS ACTION
### *AGAINST ALL DEFENDANTS*

53.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

54.     At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

55.     Defendants violated the COMPS Order by failing to pay Supervisors all overtime compensation to which they are entitled at the legally required rates.

56.     Plaintiff and the members of the Overtime Class are entitled to recover from Defendants overtime compensation at the appropriate premium for all hours worked over forty (40) in a workweek and twelve (12) in a workday, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff, on behalf of herself and all other members of the Collective and Overtime Class, requests this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and her counsel to represent the Overtime Class;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and COMPS Order;

d.  An injunction requiring Defendants to cease their unlawful practices under, and to

11

comply with, the COMPS Order;

e.  An award of overtime compensation due under the FLSA and the COMPS Order;

f.  An award of liquidated damages and/or statutory penalties as a result of Defendants' willful failure to properly pay overtime compensation;

g.  An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.  An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

i.  An award of costs and expenses of this action together with attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 22nd day of February, 2021.

*/s/ Andrew E. Swan*
Paul F. Lewis
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:      (719) 694-3000
Facsimile:      (866) 515-8628
Email:          plewis@lks.law
                aswan@lks.law

*Attorneys for Plaintiff*

<u>Plaintiff's Address</u>:
7226 Moss Bluff Court
Fountain, CO 80817