

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01983-RM-NRN

WILLIAM POWELL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

THE KROGER COMPANY; and
DILLON COMPANIES, LLC a/k/a KING SOOPERS, INC. d/b/a KING SOOPERS/CITY MARKET,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Magistrate Judge's "Report and Recommendation on Plaintiffs' Omnibus Motion and Memorandum of Law for Conditional Certification and Court-Authorized Notice (DKT. #15)" (the "Recommendation") (ECF No. 43), to which Defendants have filed a limited objection. Plaintiffs[1] have responded and the matter is ripe for resolution. Upon consideration of the Recommendation, and relevant parts of the court record, and being otherwise fully advised, the Court finds and orders as follows.

### I.    BACKGROUND

This putative class and collective action was filed on July 7, 2020, asserting that Defendants failed to pay their "Assistant Store Managers" ("ASMs") overtime compensation. By motion (the "Motion") dated September 3, 2020, Plaintiffs sought to conditionally certify collective action members under the Fair Labor Standards Act ("FLSA"). The Magistrate Judge

---

[1] The complaint was filed with one named Plaintiff, but the record shows one consent has been filed. (ECF No. 10.)

recommended (1) granting Plaintiffs' Motion; and (2) modifying Plaintiffs' proposed Order (ECF No. 15-11) as follows: (a) that the requirement that "[t]he Notice shall also, thirty (30) days after it was originally distributed, be re-sent to those members of the ASM Collective who have not returned "Consent To Join" forms" be eliminated; and (b) that the FLSA statute of limitations for the opt-in plaintiffs in this case be equitably tolled until 90 days after the opt-in plaintiffs receive notice of this lawsuit. Defendants limited objection only challenges the tolling recommended.

## II. LEGAL STANDARD[2]

Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *U.S. v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991); *see* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[2] Defendants' objection assumes the Motion is dispositive. The Court is unaware of any controlling decision which has determined whether a motion for conditional certification under the FLSA is dispositive or nondispositive. Because the parties assume it is dispositive, the Court will apply that standard in reviewing the Recommendation.

### III. DISCUSSION

#### A. Recommendations To Which There Are No Objections

By recommending granting the Motion with limited modification, the Magistrate Judge recommended all other requests by Plaintiffs be approved. For example, the Magistrate Judge recommended the proposed collective members be certified, that the proposed Notice and Consent forms be approved, and that the manner and method of distribution of the Notice and receipt of the Consent forms be approved, *except* for the reminder notice. After a clear error review, and finding no clear error, the Court accepts these recommendations.

The Recommendation also addressed Plaintiffs' proposed Order (ECF No. 15-11), recommending only one change – the striking of the following sentence in the second full paragraph on page 2: "The Notice shall also, thirty (30) days after it was originally distributed, be re-sent to those members of the ASM Collective who have not returned "Consent To Join" forms." In light of the Court's acceptance of the recommendations addressed above, the Court also accepts this recommendation. The Court does not, however, accept the implicit recommendation that the remainder of the proposed Order should be issued.

To the extent this recommendation is made, the Court does not accept the recommendation that this Court hold the "case management conference." The Court has previously referred this matter for the Magistrate Judge to convene a scheduling conference and enter a scheduling order, and, in fact, a scheduling conference was set until discovery was stayed. Thus, the Court finds the parties are better served, and judicial economy is best preserved, if the Magistrate Judge holds this conference. The Court, however, will require the parties to provide a joint status report.

### B. Recommendation To Which There Are Objections

Defendants raise one objection – the recommendation to equitably toll the FLSA statute of limitations "until 90 days after the opt-in plaintiffs receive notice of this lawsuit." (ECF No. 43, p. 9.) Defendants assert that this tolling is beyond what Plaintiffs requested and is not based on Tenth Circuit law. Alternatively, Defendants assert that if the Court were to adopt equitable tolling, the tolling period should be reduced to be consistent with the amount of additional time Defendants actually require to provide Plaintiffs data, rather than for ninety days after notice is provided. Plaintiffs respond that Defendants, by asking for more time to provide Plaintiffs data, have waived their objections to equitable tolling. The Court finds otherwise.

Courts which have addressed equitable tolling in a nationwide FLSA collective action, including courts in this District, have taken various approaches. *See Valverde v. Xclusive Staffing, Inc.*, No. 16-CV-00671-RM-MJW, 2018 WL 4178532, at *4-5 (D. Colo. Aug. 31, 2018) (discussing various approaches); *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV, 2018 WL 4383037, at *9 (D. Colo. July 30, 2018) (discussing five-factor approach), *recommendation accepted and adopted*, No. 18-CV-00327-RM-STV, 2018 WL 7142193 (D. Colo. Dec. 4, 2018). While the Court is unaware of any Tenth Circuit case deciding the issue, the Tenth Circuit has indicated "that tolling is appropriate when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012) (quotation marks and citation omitted). *See also Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) ("According to long-settled equitable-tolling principles, generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." (brackets and quotation marks omitted) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012))). And, further, the Tenth Circuit has stated, on more than one occasion, "[e]quitable tolling is granted sparingly." *Salazar*, 693 F.3d at 1246; *see also Chance*, 898 F.3d at 1034 (same).

The Recommendation suggested equitable tolling of the FLSA statute of limitations until 90 days after the opt-in plaintiffs receive notice of this action. But the Motion and associated filings contain no request for tolling of the statute of limitations. Instead, the issue of tolling apparently arose with the issue of how long it would take Defendants to provide Plaintiffs with data about the putative collective for distribution of the notices of this action. Plaintiffs requested seven days, while Defendants requested at least 30 days. While Plaintiffs were amenable to meet-and-confer with Defendants about the timing for production of the data, they asked to extend the end date of the time period for the putative ASM Collective to the date in which Defendants provide the requested information. The Recommendation found this reasonable but then recommended the 90-day tolling. On this record, the Court does not agree.

Defendants' request for an additional 21 days to provide data "*of all persons employed by Defendants as Assistant Store Manager at any King Soopers and/or City Market store in the United States on or after July 7, 2017 to the present*" to Plaintiffs does not support a tolling of the FLSA statute of limitations "until 90 days after the opt-in plaintiffs receive notice of this action." As Defendants raised in their reply brief, and during oral argument before the Magistrate Judge, they are operating in the midst of a pandemic with staff stretched thin. On this record, the Court finds no extraordinary – or any other supportable – circumstances to toll the statute of limitations.

Although the Court does not find the record to support equitable tolling, this finding does not preclude any putative collective action member from raising equitable tolling in the future. Instead, "the Court finds the issue of equitable tolling may be raised later, if appropriate, and resolved then, as appropriate. As such, the recommendation to toll is rejected without prejudice to individual opt-in plaintiffs moving to equitably toll the statute of limitations." *Valverde*, 2018 WL 4178532, at *5.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Defendants' Objection (ECF No. 44) is SUSTAINED as stated herein;

(2) That the Recommendation (ECF No. 43) is ACCEPTED IN PART and REJECTED IN PART as stated herein;

(3) That the Motion for Conditional Certification (ECF No. 15) is GRANTED to the extent stated herein;

(4) That, pursuant to 29 U.S.C. § 216(b), the following collective is certified:

> All current and former "Assistant Store Managers" who worked for King Soopers/City Market in the United States at any time on or after July 7, 2017 to the present who were classified as exempt from overtime compensation (the "ASM Collective").

(5) That within seven (7) days of the date of this Order, Defendants are directed to produce to Plaintiffs' counsel a list, in Microsoft Excel format, of all persons employed by Defendants as Assistant Store Manager at any King Soopers and/or City Market store in the United States on or after July 7, 2017 to the present, including: names, addresses, telephone numbers (including cell phone numbers), dates of employment, locations of employment, and work and personal e-mail addresses.

(6) That Plaintiffs' Notice of Lawsuit and Consent To Join form are approved and, within twenty-one (21) days of the date of this Order, Plaintiffs shall distribute the Notice of Lawsuit to the members of the ASM Collective. The Notice shall be distributed via U.S. Mail, e-mail, and text (if available) and saved in electronic format on a case-specific website created by Plaintiffs. The Notice shall also be posted in a conspicuous location in the back room/office in each of Defendants' "King Soopers"[3] and "City Market" stores throughout Colorado, New Mexico, Utah, and Wyoming.

The members of the ASM Collective shall have sixty (60) days from the date the Notice was distributed to them to return the "Consent To Join" form via U.S. Mail, facsimile, e-mail, or electronic submission online, which shall then be filed with the Court.

(7) That the parties shall file a joint status report by **May 5, 2021**; and

(8) That the parties shall jointly contact the **Chambers of Magistrate Judge Neureiter (303-335-2403) by February 1, 2021,** to set this matter for a telephonic case management conference.

DATED this 25th day of January, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] The proposed order referenced King "Supers." (ECF No. 15-11, p. 2.)